***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan and the assignments of error and/or briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner Donovan and enters the following Decision and Order.
 FACTS
Plaintiff alleges that while housed at Lanesboro Correctional Institution in Wadesboro County on 30 April 2004, a broken sprinkler head caused water to enter his cell and cause damage to his property. The property was removed and never returned. Defendant admits to the water damage and the removal of the property. Defendant has moved to dismiss plaintiff's claim for failure to exhaust all administrative remedies, evidenced by the lack of a Form DC-410 *Page 2 
Administrative Remedy Procedure Form. Plaintiff has alleged that he was told that if he did not file the claim, his property would be replaced. Plaintiff did not file the Form DC-410, but before his property was returned, he was transferred to Scotland Correctional Institution. Plaintiff claims that he did file the requisite forms at Scotland. At the time of the hearing, defendant's search for plaintiff's administrative remedies did not include Scotland Correctional Institution.
Defendant was provided 30 days from the date of the hearing, or until and including 5 February 2009, within which to establish whether or not plaintiff exhausted his administrative remedies at Scotland Correctional Institution. Defendant has submitted as Defendant's Exhibit #1 a letter from Frederick B. Hubbard, Correctional Administrator for Scotland Correctional Institution, which states that "our records reveal that there was no grievance filed in reference to the subject matter for the above-referenced inmate [plaintiff] on an incident that occurred on or about April 30, 2004 at Lanesboro Correctional Institution." This document was admitted into evidence as Defendant's Exhibit #1.
 *********** O R D E R
1. As plaintiff has failed to provide evidence that he has exhausted his administrative remedies as required by N.C. Gen. Stat. § 148-118.2, and the subsequent investigation failed to reveal any further evidence in support of plaintiff's claim, this matter must be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction of the Commission over the subject matter of the claim.
2. Plaintiff has one year from the date of this Order to file a grievance and reinstate the claim; if not resolved. *Page 3 
3. IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's appeal to the Full Commission is DENIED as plaintiff gave timely notice of appeal and has shown reasonable excuse for the delay in filing his Form 44 assignments of error.
This the ___ day of January, 2010.
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ PAMELA T. YOUNG CHAIR
S/_____________ DANNY LEE McDONALD COMMISSIONER *Page 1